IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DREMEL L. ROBERTS, #140479 | § | |
| VS. | § | CIVIL ACTION NO. 2:14cv933 |
| MARK DEWS, et al | § | |

**MEMORANDUM OPINION ADOPTING INITIAL REPORT**

**AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dremel L. Roberts, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff named the Harrison County Sheriff's Office (which Plaintiff improperly called the "Harrison County Police Department") as one of the defendants in his lawsuit. The Magistrate Judge issued a Report recommending that this defendant be dismissed because the sheriff's office has no separate legal existence apart from the county and thus cannot be sued in its own name. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).

A copy of this Report was sent to Plaintiff and he has filed an objection. Plaintiff states that because the named defendant Mark Dews was an employee of the Sheriff's office at the time of the

1

events leading to the cause of action, he should be able to name the Sheriff's Office in his lawsuit as a defendant. *See* Plaintiff's Objection at 2. Plaintiff does not address the reason for the Court's findings in the Report. The Harrison County Sheriff's Office has no separate legal existence, apart from the county and thus cannot be sued in its own name unless the true political entity has taken explicit steps to grant the servient agency with jural authority. *See Combs v. City of Dallas*, 289 F.App'x 684, 2008 U.S. Appx. LEXIS 15866 (5th Cir., July 23, 2008) (city police department could not be sued as separate and distinct legal entity). Plaintiff has made no showing that Harrison County has taken steps to invest the Harrison County Sheriff's Office with jural authority. Because the Harrison County Sheriff''s Office therefore has no separate legal existence, Plaintiff's claim against the Department/Sheriff's Office lacks an arguable basis in fact and law and fails to state a claim upon which relief may be granted.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918(1989). It is accordingly

**ORDERED** that the Initial Report and Recommendation of the Magistrate Judge (docket entry # 33) is **ADOPTED** as the opinion of the District Court. It is further +

**ORDERED** that the Motion to Dismiss filed by the Harrison County Police Department/Harrison County Sheriff's Office (docket entry #16) is **GRANTED** and that the claim against the Harrison County Police Department/Harrison County Sheriff's Office is **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A. The Harrison County Police Department/Harrison County Sheriff's Office is **DISMISSED** as a party to this lawsuit. The dismissal of this claim shall have no effect upon the remaining claims or defendants in the lawsuit.

**So ORDERED and SIGNED this 24th day of March, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE